## Bryant v. McGowan

*Lipschultz & Lipschultz,* for plaintiff.
*Joseph Blank,* for defendant.

TUMOLILLO, J., December 8, 1941.—This case and the case of Windom Bryant v. Girard Trust Co., October term, 1940, no. 188, were tried together on May 26, 1941. The facts are not in dispute.

On August 31, 1936, the Treasurer of the United States issued a veteran's compensation check in the sum of $71 payable to the order of Mrs. Catherine Nel-

son, "as unremarried widow of Charles Nelson." Defendant, McGowan, cashed the check for the payee and in turn delivered the check to plaintiff, Bryant, receiving the full face value of the check. Plaintiff deposited the check to his account in the Girard Trust Company, which collected it from the Treasury of the United States through the Federal Reserve Bank in Philadelphia.

In December 1939, the Treasury Department discovered that, at the time the check in question was issued, the payee, Mrs. Nelson, was actually remarried, and through the Federal Reserve Bank demanded and received reimbursement from the Girard Trust Company. The Girard Trust Company charged plaintiff's account with the amount repaid. There is no evidence that any of the parties was aware of the fact that Catherine Nelson had remarried.

Plaintiff brought action separately against McGowan and the Girard Trust Company. It is clear that, if the Girard Trust Company did not have the right to repay the amount received to the Treasurer of the United States, the Girard Trust Company should be the only party liable. On the other hand, if the Girard Trust Company had the right to repay and charge plaintiff's account, plaintiff has the right to recover from McGowan, from whom he received the instrument for value. His right against McGowan, if for no other reason, is based on breach of the implied warranty of title.

Counsel for defendant, McGowan, urges that the case of United States v. Peoples-Pittsburgh Trust Co., 37 D. & C. 683, is decisive, establishing that there was no liability upon the Girard Trust Company and hence it had no right to repay the amount of the instrument. In that case, on facts similar to the case at bar, the Peoples-Pittsburgh Trust Company refused to repay upon demand of the Treasurer of the United States and the United States brought suit in the District

Court of the United States for the Western District of Pennsylvania. The court, in an opinion by McVicar, J., found for defendant. The following quotation from the opinion gives the reason for the finding:

"I am of the opinion that defendant's contracts of guaranty were limited to the fact that the payee named therein endorsed the checks, and not that she was a widow at the time that it made the endorsements. To hold that banks guaranteeing such checks guarantee that the payee was a widow, would probably seriously hamper beneficiaries in getting payment of such checks and it might affect their negotiability."

It will be noticed that in the Peoples-Pittsburgh case defendant was a bank which merely acted as an agency for collection. There is no way of knowing, of course, what the court's finding would have been were defendant, as in this case, an indorser who received the instrument from the payee.

But the court was influenced in its finding by fear of affecting the negotiability of an instrument, such as the one in question, without considering the effect of article I, sec. 4, of the Uniform Negotiable Instruments Law of May 16, 1901, P. L. 194, which provides:

"An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect."

The instrument was made payable to the order of "Mrs. Catherine Nelson as unremarried widow of Charles Nelson" and under the line containing the amount payable was placed the word "veterans." The intent that the check should be paid only if Catherine Nelson was the unmarried widow of Charles Nelson is clear and distinct, and should operate as notice that payment is conditional. It is at least as important to safeguard the public treasury in disbursing bounty as it is to preserve the negotiability of instruments.

If the decision in the Peoples-Pittsburgh case is given the effect contended for by counsel for defendant,

it would mean that the Government would be compelled to make payment to a holder without notice, even though the fact of remarriage was discovered before the instrument was presented for payment.

The court is of the opinion that the United States could have refused payment and hence the Girard Trust Company was within its rights in making repayment upon demand. The court finds for plaintiff against defendant, John J. McGowan, and for defendant, Girard Trust Company.